UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

MARILYN ADAMS,
a Florida resident,

       Plaintiff,

v.

PARADISE CRUISE OPERATOR, LTD., INC.
AND BAHAMAS PARADISE CRUISE
LINE, LLC, a Florida limited liability
company,

       Defendant.

_____/

## COMPLAINT

       Plaintiff, MARILYN ADAMS, a Florida citizen and resident files this Complaint against Defendant BAHAMAS PARADISE CRUISE LINE, LLC, a Florida limited liability company with its principal place of business in Florida, and alleges:

### JURISDICTION, VENUE AND PARTIES

       1.     This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

       2.     Plaintiff, MARILYN ADAMS, is sui juris and is a permanent resident and citizen of the Florida.

       3.     Defendant BAHAMAS PARADISE CRUISE LINE, LLC is Florida limited liability company with its principal place of business in Broward County, Florida.  For federal jurisdictional purposes, BAHAMAS PARADISE CRUISE LINE, LLC is a citizen of Florida.

Marilyn Adams v. Bahamas Paradise Cruise Line, LLC

4.     This court has subject matter jurisdiction in admiralty pursuant to Title 28, Section 1333, United States Code, and Rule 9 (h) of the Federal Rules of Civil Procedure.

5.     At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Broward County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6.     In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

7.     The Defendant's principal place of business is located in Broward County Florida. Accordingly, venue is proper in this Court.

8.     Plaintiff has complied with all conditions precedent to bringing this action including providing the Defendant a timely written notice of claim as required by the ticket contract.  (See Exhibit 1 attached).

## LIABILITY AND DAMAGE ALLEGATIONS

9.     At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "GRAND CELEBRATION."

Marilyn Adams v. Bahamas Paradise Cruise Line, LLC

10.     At all material times, the Plaintiff was a fare-paying passenger on board the M/S GRAND CELEBRATION and in that capacity was lawfully present on board the vessel.

11.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn of or correct dangerous conditions which it had created or of which it actually knew or should have known in the exercise of reasonable care.

12.     On or about June 15, 2018, while the Plaintiff was lawfully on board the M/S GRAND CELEBRATION as a fare paying passenger, she slipped and fell after exiting the shower due to the bathroom floor flooding.  Plaintiff later discovered the flooded bathroom floor was due to rotted baseboards in the shower, causing the shower to leak into the bathroom.

13.     At all material times including the time referenced in the preceding paragraph, the baseboards of the shower in the bathroom where the Plaintiff fell were in an area reserved for fare paying passengers and  in a condition dangerous to passengers, including the Plaintiff, due to their causing water to flood the bathroom and therefore the bathroom floor to be wet and slippery.

14.     At all material times, the Defendant either knew or should have known of the dangerous condition, or in the exercise of reasonable care should have known of the condition because it was in an area reserved for passengers or due to the length of time it had existed and Defendant owed a duty to Plaintiff to warn of the dangerous conditions and to timely remedy the dangerous condition.

15.     Notwithstanding Defendant's actual or constructive knowledge, or creation of the dangerous condition, the Defendant failed before the time of the Plaintiff's fall either to correct

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Marilyn Adams v. Bahamas Paradise Cruise Line, LLC

the condition, or to take reasonable steps to warn passengers adequately of the condition.  The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

16.     The Defendant's specific negligent acts or omissions consist of one or more of the following:

a.     Failing to maintain the guest showers and bathrooms at and near the location where Plaintiff fell in a reasonably safe condition;

b.     Failing to inspect the showers in the stateroom at and near the location where Plaintiff fell for leaks, rot, erosion, water damage, and/or other damage;

c.     Failing to use safe flooring material, mats, and other non-slip materials in the stateroom shower where Plaintiff fell;

d.     Failing to conduct sufficiently frequent routine inspections of the area where Plaintiff fell for leaks, rot, erosion, water damage, and/or other damage;

e.     Failing to establish, implement, or enforce necessary policies and procedures regarding maintenance of the stateroom shower where Plaintiff fell;

f.     Failing to warn Plaintiff that the area where she fell was wet, slippery, dangerous and/or leaking, rotted, eroded, and/or damaged;

g.     Failing timely to correct the dangerous condition in the bathroom where Plaintiff fell;

h.     Failing to warn;

i.     Failing otherwise to exercise reasonable care in managing the stateroom bathrooms of the subject vessel;

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Marilyn Adams v. Bahamas Paradise Cruise Line, LLC

      j.      Additional acts of negligence not yet discovered.

      17.      As a direct and proximate result of one or more acts described above and hence of the Defendant's negligence, the Plaintiff was injured in and about her body and extremities, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability, aggravation of preexisting injuries, and the inability to lead a normal life. The Plaintiff lost wages in the past and has a future loss of earnings capacity. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses, both in the past and in the future, as a result of her injuries.  These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

      **WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

<u>**DEMAND FOR JURY TRIAL**</u>

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 3rd day of May, 2019.

                                         <u>s/NICHOLAS I. GERSON</u>
                                         NICHOLAS I. GERSON
                                         Florida Bar No. 0020899
                                         ngerson@gslawusa.com
                                         filing@gslawusa.com
                                         cbenedi@gslawusa.com
                                         PHILIP M. GERSON
                                         Florida Bar No. 127290
                                         pgerson@gslawusa.com
                                         EDWARD S. SCHWARTZ
                                         Florida Bar No. 346721
                                         eschwartz@gslawusa.com

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Marilyn Adams v. Bahamas Paradise Cruise Line, LLC

DAVID MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:      (305) 371-6000
Facsimile:      (305) 371-5749

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com