UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-61141-BLOOM/Valle

MARILYN ADAMS,

    Plaintiff,

v.

PARADISE CRUISE LINE
OPERATOR, LTD., INC., a
Foreign Limited Liability Company,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant's Motion to Strike Plaintiff's Demand for Jury Trial, ECF No. [99] ("Motion"), filed on April 11, 2020. Plaintiff filed her Response on April 27, 2020, ECF No. [110] ("Response"), to which Defendant replied on May 4, 2020, ECF No. [113] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

Plaintiff initiated the instant action against Defendant for personal injuries she sustained while onboard Defendant's cruise ship. The Second Amended Complaint, ECF No. [16], states that the Court "has subject-matter jurisdiction in admiralty pursuant to Title 28, Section 1333, United States Code, and Rule 9(h) of the Federal Rules of Civil Procedure." *Id.* ¶ 4. Plaintiff also "demands trial by jury of all issues so triable as of right." *Id.* at 6. In the instant Motion, Defendant argues that no right to a jury trial exists here because Plaintiff has only brought this case pursuant to this Court's admiralty jurisdiction without any additional or alternative bases for federal jurisdiction. Plaintiff's Response seemingly concedes that no right to trial by jury exists under

federal admiralty jurisdiction, but nonetheless argues that "the Court still has discretion to empanel an advisory jury while reserving the ultimate fact finding for the Court." ECF No. [110] at 1 (citing *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1246 (11th Cir. 2005)). In its Reply, Defendant asserts that *Sweet Pea Marine, Ltd.* is inapposite here because that case involved alternative diversity jurisdiction, whereas the sole basis for federal jurisdiction in the instant action is in admiralty.

Generally, no right to trial by jury exists with respect to claims brought in admiralty. *See* Fed. R. Civ. P. 38(e) (providing for only a non-jury trial "on issues in a claim that is an admiralty or maritime claim under Rule 9(h)"); *see also Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1036-37 (11th Cir. 1996) ("[I]n all admiralty cases, there is no right to a jury trial."); *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1188 (11th Cir. 2009) (affirming the "the longstanding tradition in admiralty proceedings that the pleader has the right to determine procedural consequences (including the right to a jury trial [*vel non*]) by a simple statement in his pleading that the claim is an admiralty claim"); *Penton v. Pompano Const. Co.*, 976 F.2d 636, 638 n.2 (11th Cir. 1992) ("As a general rule, maritime claims brought in admiralty are not triable to a jury.").

As Defendant rightly notes, Plaintiff has only asserted this Court's admiralty jurisdiction. *See* ECF No. [16] ¶ 4. Accordingly, because Plaintiff "has only proceeded by way of Rule 9(h) in its complaint, . . . [she] is not entitled to a jury trial." *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Vinardell Power Sys., Inc.*, No. 19-20093-CIV, 2019 WL 1440383, at *4 (S.D. Fla. Apr. 1, 2019); *see also Caron v. NCL (Bah.), Ltd.*, 910 F.3d 1359, 1366 (11th Cir. 2018) ("The most salient difference that proceeding in admiralty creates is the absence of a right to a jury trial."); *Carnival Corp. v. Stankovic*, No. 16-cv-20353, 2016 WL 9274718, at *1 (S.D. Fla. Dec. 12, 2016) ("The well-settled rule in the Eleventh Circuit is that a defendant normally has no right to a jury trial

where plaintiff has proceeded with an admiralty and maritime claim."); *Zurich Ins. Co. v. Banana Servs., Inc.*, No. 84-1508, 1984 WL 1888, at *1 (S.D. Fla. Nov. 26, 1984) ("Where a plaintiff has denominated its claim as an admiralty and maritime claim under Rule 9(h), Fed. R. Civ. P., as Plaintiff has here, there is normally no right of the defendant to have a jury trial on any issue."); *Underwriters Subscribing to Certificate of Ins. No. 98B1/800 including Certain Underwriters at Lloyd's of London v. On the Loose Travel, Inc.*, No. 99-0200-CIV, 1999 WL 694212, at *1 (S.D. Fla. Mar. 23, 1999) ("No right to trial by jury exists with respect to claims brought under federal admiralty jurisdiction Rule 9(h) . . . .").

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [99]**, is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 6, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record