## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-61141-BLOOM/Valle

MARILYN ADAMS,

      Plaintiff,

v.

PARADISE CRUISE LINE
OPERATOR LTD., INC.,
a Foreign Limited Liability Company,

      Defendant.

_____/

### ORDER ON *DAUBERT* MOTION

**THIS CAUSE** is before the Court upon Plaintiff Marilyn Adams' ("Plaintiff") Motion to Strike or Limit Testimony of Defendant's Expert Tyler Kress, Ph.D. Pursuant to *Daubert*,[1] ECF No. [98] ("Motion"). Defendant Paradise Cruise Line Operator Ltd., Inc. ("Defendant") filed its Response in Opposition, ECF No. [108] ("Response"), to which Plaintiff filed a Reply, ECF No. [111] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is denied.

### I.    BACKGROUND

Plaintiff initiated the instant action against Defendant for personal injuries she sustained while onboard Defendant's cruise ship. *See* ECF No. [1]; *see also* ECF No. [16] (Second Amended Complaint"). Plaintiff now files the instant Motion seeking to exclude or limit the testimony of Defendant's expert witness, Tyler Kress, Ph.D. ("Dr. Kress"), pursuant to *Daubert*. In particular,

---

[1] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

Plaintiff argues that Dr. Kress's testimony is unreliable, speculative, and insufficiently supported, and that his report, ECF No. [98-1] ("Dr. Kress's Report" or "Report"), contains conclusions, assumptions, and speculations that lack the necessary factual foundation and methodological explanation. Accordingly, Plaintiff seeks to strike or limit Dr. Kress's testimony.

## II.   LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony. When a party proffers the testimony of an expert under Rule 702, the party offering the expert testimony bears the burden of laying the proper foundation, and that party must demonstrate admissibility by a preponderance of the evidence. *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291-92 (11th Cir. 2005); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). To determine whether expert testimony or any report prepared by an expert may be admitted, the Court engages in a three-part inquiry, which includes whether: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *See City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998) (citing *Daubert*, 509 U.S. at 589). The Court of Appeals for the Eleventh Circuit refers to each of these requirements as the "qualifications," "reliability," and "helpfulness" prongs. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). While some overlap exists among these requirements, the court must individually analyze each concept. *See id.*

An expert in this Circuit may be qualified "by knowledge, skill, experience, training, or education." *J.G. v. Carnival Corp.*, No. 12-21089-CIV, 2013 WL 752697, at *3 (S.D. Fla. Feb. 27, 2013) (citing *Furmanite Am., Inc. v. T.D. Williamson*, 506 F. Supp. 2d 1126, 1129 (M.D. Fla.

2007); Fed. R. Evid. 702). "An expert is not necessarily unqualified simply because [his] experience does not precisely match the matter at hand." *Id.* (citing *Maiz v. Virani*, 253 F.3d 641, 665 (11th Cir. 2001)). "[S]o long as the expert is minimally qualified, objections to the level of the expert's expertise go to credibility and weight, not admissibility." *See Clena Invs., Inc. v. XL Specialty Ins. Co.*, 280 F.R.D. 653, 661 (S.D. Fla. 2012) (citing *Kilpatrick v. Breg, Inc.*, No. 08-10052-CIV, 2009 WL 2058384, at *1 (S.D. Fla. June 25, 2009)). "After the district court undertakes a review of all of the relevant issues and of an expert's qualifications, the determination regarding qualification to testify rests within the district court's discretion." *J.G.*, 2013 WL 752697, at *3 (citing *Berdeaux v. Gamble Alden Life Ins. Co.*, 528 F.2d 987, 990 (5th Cir. 1976)).[2]

When determining whether an expert's testimony is reliable, "the trial judge must assess whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue." *Frazier*, 387 F.3d at 1261-62 (citation omitted) (quotation marks omitted). To make this determination, the district court examines: "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." *Id.* (citing *Quiet Tech. DC-8, Inc. v. Hurel-Dubois, UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003)). "The same criteria that are used to assess the reliability of a scientific opinion may be used to evaluate the reliability of non-scientific, experience-based testimony." *Id.* at 1262 (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)). Thus, these factors are non-exhaustive, and the Eleventh Circuit has emphasized that

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit rendered prior to October 1, 1981.

alternative questions may be more probative in the context of determining reliability. *See id.* Consequently, trial judges are afforded "considerable leeway" in ascertaining whether a particular expert's testimony is reliable. *Id.* at 1258 (citing *Kumho Tire Co.*, 526 U.S. at 152).

The final element, helpfulness, turns on whether the proffered testimony "concern[s] matters that are beyond the understanding of the average lay person." *Edwards v. Shanley*, 580 F. App'x 816, 823 (11th Cir. 2014) (quoting *Frazier*, 387 F.3d at 1262). "[A] trial court may exclude expert testimony that is 'imprecise and unspecific,' or whose factual basis is not adequately explained." *Id.* (quoting *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla.*, 402 F.3d 1092, 1111 (11th Cir. 2005)). To be appropriate, a "fit" must exist between the offered opinion and the facts of the case. *McDowell v. Brown*, 392 F.3d 1283, 1299 (11th Cir. 2004) (citing *Daubert*, 509 U.S. at 591). "For example, there is no fit where a large analytical leap must be made between the facts and the opinion." *Id.* (citing *Gen. Elec. Co. v. Joiner*, 522 U.S. 136 (1997)).

Under *Daubert*, a district court must take on the role of gatekeeper, but this role "is not intended to supplant the adversary system or the role of the jury." *Quiet Tech.*, 326 F.3d at 1341 (citations omitted) (quotation marks omitted). Consistent with this function, the district court must "ensure that speculative, unreliable expert testimony does not reach the jury." *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002). "[I]t is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence." *Quiet Tech.*, 326 F.3d at 1341 (citations omitted) (quotation marks omitted). Thus, the district court cannot exclude an expert based on a belief that the expert lacks personal credibility. *Rink*, 400 F.3d at 1293 n.7. To the contrary, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Quiet Tech.*, 326 F.3d at 1341 (quoting *Daubert*, 509 U.S. at 596). "Thus,

'[o]n cross-examination, the opposing counsel is given the opportunity to ferret out the opinion's weaknesses to ensure the jury properly evaluates the testimony's weight and credibility.'" *Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 674 F. Supp. 2d 1321, 1325 (S.D. Fla. 2009) (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 662 (11th Cir. 1988)). Ultimately, as noted, "a district court enjoys 'considerable leeway' in making" evidentiary determinations such as these. *Cook ex rel. Estate of Tessier*, 402 F.3d at 1103 (quoting *Frazier*, 387 F.3d at 1258).

## III. DISCUSSION

In the instant Motion, Plaintiff moves to strike or limit Dr. Kress's expert testimony, arguing that the conclusions in his report are speculative, unreliable, and not founded upon sufficient methodological principles. Defendant takes the contrary position, arguing that Dr. Kress based his opinions and conclusions on appropriate methodology, such opinions are helpful to the trier of fact, and that Plaintiff chose not to depose Dr. Kress to further explore the methodological foundation for the conclusions in his report.

As an initial matter, however, the Court notes that this case is set to be tried by bench trial. *See* ECF No. [116] (striking jury demand).

> In a bench trial, "[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for h[er]self." *U.S. v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005). *See also Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000) ("Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury."); *Ass Armor, LLC v. Under Armour, Inc.*, No. 15-cv-20853-CIV, 2016 WL 7156092, at *4 (S.D. Fla. Dec. 8, 2016) ("As this is a bench trial without a jury, however, the need for an advance ruling to exclude [expert] testimony is superfluous and unnecessary."). That is because the Court as a fact finder is "presumably competent to disregard what [s]he thinks [s]he should not have heard, or to discount it for practical and sensible reasons." *Ass Armor*, 2016 WL 7156092, at *4 (internal quotation marks and citations omitted). At trial, the Court as fact finder is free to later decide to disregard testimony in whole or in part and/or to decide how much weight to give it. *See Brown*, 415 F.3d at 1270; [*N.W.B. Imps. & Exps. Inc. v. Eiras*, No. 3:03-cv-1071-J-32-MMH, 2005 WL 5960920, at *1 (M.D. Fla. Mar. 22,

2005)]; *Ass Armor*, 2016 WL 7156092, at *4. As another court in this District has explained:

> [T]he danger involved with such expert testimony, namely that the jury will be unduly influenced, is not implicated in a bench trial. The Court is confident that it can discern testimony that seeks to make legal conclusions from testimony that provides the Court with background, context and industry knowledge that are traditionally supplied by experts. Given that [the expert] is not a lawyer, there is even less risk that any potential legal analysis will influence the Court. Testimony that offers legal conclusions will be afforded no weight.

> *Apple Glen Inv'rs, L.P. v. Express Scripts, Inc.*, No. 8:14-cv-1527-T-33EAJ, 2015 WL 3721100, at *4 (M.D. Fla. June 15, 2015) (internal quotation marks and citations omitted)).

*GLF Constr. Corp. v. Fedcon Joint Venture*, No. 8:17-cv-1932-T-36AAS, 2019 WL 7423552, at *3 (M.D. Fla. Oct. 15, 2019).

Thus, "[w]here a trial judge conducts a bench trial, the judge need not conduct a *Daubert* (or Rule 702) analysis before presentation of the evidence, even though [s]he must determine admissibility at some point." *Travelers Prop. Cas. Co. of Am. v. Barkley*, No. 16-61768-CIV, 2017 WL 4867012, at *1 (S.D. Fla. June 2, 2017) (quoting *Kansas City S. Ry. Co. v. Sny Island Levee Drainage Dist.*, 831 F.3d 892, 900 (7th Cir. 2016)). "Notwithstanding, courts may still go through the individual analyses of the experts or motions, and have granted these motions to strike prior to the bench trial." *Broberg v. Carnival Corp.*, No. 17-cv-21537, 2018 WL 4778457, at *1 (S.D. Fla. June 11, 2018) (citing *Exim Brickell LLC*, 2011 WL 13131317, at *4; *Goldberg v. Paris Hilton Entm't, Inc.*, No. 08-22261-CIV, 2009 WL 1393416, at *4 (S.D. Fla. May 18, 2009)), *report and recommendation adopted*, No. 17-21537-CIV, 2018 WL 4776386 (S.D. Fla. July 3, 2018).

In particular, Plaintiff in this case seeks to strike Dr. Kress's testimony as being unreliable due to the alleged lack of proper methodological foundation and speculative, conclusory opinions

within the report.[3] However, the Report details the following methodology that Dr. Kress

employed in inspecting the vessel at issue and the area where the incident occurred:

> I have performed an inspection onboard the Grand Celebration vessel in West Palm
> Beach, Florida on December 4, 2019. Specifically, I inspected Cabin E-101 and
> during my inspection I carefully tested the surface at the location/area where Ms.
> Adams was stepping and said she slipped-and-fell. Again, I took numerous
> photographs and made dimensional measurements during my inspection. I made
> dynamic coefficient of friction (DCOF) measurements with a BOT 3000E
> tribometer under wet conditions at sample areas consistent with the same location
> where she said she fell on the subject vessel. I obtained the wet DCOF
> measurements in accordance with reliable and accepted methods using the BOT
> 3000E tribometer. I specifically tested the floor in accordance with ANSI Standard
> A326.3. I also spoke with the Bahama Paradise safety officer about their practices
> during my inspection. I will gladly provide you with copies of my measurements,
> photos, etc [sic] upon request.
>
>     In developing my findings/opinions and preparing this report I have relied
> on the above case-specific materials, methodology, information, observations and
> activities, in addition to my background, education, experience, and personal
> library.

ECF No. [98-1] at 4. Moreover, Plaintiff made no attempt to probe Dr. Kress further as to the

methodology employed through a deposition. This methodology is sufficient for present purposes,

especially given the relaxed *Daubert* inquiry conducted for bench trials "because the Court as a

fact finder is 'presumably competent to disregard what [s]he thinks [s]he should not have heard,

or to discount it for practical and sensible reasons.'" *GLF Constr. Corp.*, 2019 WL 7423552, at *3

(quoting *Ass Armor*, 2016 WL 7156092, at *4). To the extent that Plaintiff wishes to challenge this

methodology at trial, "vigorous cross-examination, presentation of contrary evidence, and careful

instruction on the burden of proof are the traditional and appropriate means of attacking shaky but

admissible evidence." *Quiet Tech.*, 326 F.3d at 1341 (quoting *Daubert*, 509 U.S. at 596).

    Moreover, "district courts conducting bench trials have substantial flexibility in admitting

proffered expert testimony at the front end, and then deciding for themselves during the course of

---

[3] Plaintiff is not challenging Dr. Kress's qualifications. *See* ECF No. [111] at 4.

trial whether the evidence meets the requirements" of Rule 702. *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 635 (6th Cir. 2000) (Gilman, J., dissenting). "Alternatively, in a bench trial, it has been an acceptable method 'to admit evidence of borderline admissibility and give it the (slight) weight to which it is entitled.'" *Nat'l Union Fire Ins. Co. of Pittsburgh PA v. SPX Flow US, LLC*, No. 18-cv-80332, 2019 WL 1227987, at *3 (S.D. Fla. Mar. 14, 2019) (quoting *SmithKline Beecham Corp. v. Apotex*, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003)). Thus, with regard to Dr. Kress's allegedly speculative or conclusory expert testimony, such testimony can be challenged through proper objections during trial, rather than precluding any potentially improper testimony in the abstract. "The Court can separate and disregard any [improper or speculative] conclusions . . . from testimony which provides context and evaluates the evidence in light of specialized expertise." *GLF Constr. Corp.*, 2019 WL 7423552, at *4 (citing *Apple Glen Inv'rs, L.P.*, 2015 WL 3721100, at *4). "At trial, the Court as fact finder is free to later decide to disregard testimony in whole or in part and/or to decide how much weight to give it." *Id.* at *3.

Accordingly, Plaintiff's Motion is denied. However, Plaintiff is not precluded from making any objections or proper challenges to Dr. Kress's testimony at trial, where appropriate.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike or Limit Testimony of Defendant's Expert Tyler Kress, Ph.D. Pursuant to *Daubert*, **ECF No. [98]**, is **DENIED**.

Case No. 19-cv-61141-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 26, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record