UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-61141-BLOOM/Valle

MARILYN ADAMS,

    Plaintiff,

v.

PARADISE CRUISE LINE
OPERATOR LTD., INC.,

    Defendants.

_____/

## ORDER ON BILL OF COSTS

**THIS CAUSE** is before the Court upon Defendant Paradise Cruise Line Operator Ltd., Inc.'s ("Defendant") Application for Bill of Costs, ECF No. [135] ("Bill of Costs"), following the entry of a final judgment in its favor in the instant action. *See* ECF No. [132]. Curiously, despite noting her opposition to the Bill of Costs upon conferral, *see* ECF No. [135-5] at 7, Plaintiff failed to timely submit any response or objection to the Bill of Costs. The Court has carefully reviewed the Bill of Costs, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Bill of Costs is granted.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see also Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002). A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920."

*Bryant v. Cab Asset Mgmt., LLC*, No. 10-61514-CIV, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011), *report and recommendation adopted*, 2011 WL 1598732 (S.D. Fla. Apr. 27, 2011). "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). "Similarly, when a district court taxes costs against a losing party, the award of costs bears interest from date of original judgment." *Taylor Indus. Constr., Inc. v. Westfield Ins. Co.*, No. 8:16-cv-2960-T-SPF, 2020 WL 1873595, at *11 (M.D. Fla. Apr. 15, 2020) (citing *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994); *Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988)).

> Under 28 U.S.C. § 1920, the Court may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Unless otherwise prohibited, "[a] prevailing party may recover costs as a matter of course"; "the losing party bears the burden of demonstrating that a cost is not taxable, unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party." *Monelus v.*

*Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009) (internal citations omitted). "Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable." *Tejeda v. Swire Props., Inc.*, No. 18-23725-CIV, 2019 WL 8160724, at *3 (S.D. Fla. Dec. 26, 2019), *report and recommendation adopted*, No. 18-23725-CIV, 2020 WL 1062975 (S.D. Fla. Mar. 5, 2020); *see also Eugene v. 3Don & Partner Est. Grp., LLC*, No. 07-80439-CIV, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009).

Defendant is the prevailing party in this matter, and it seeks to recover costs for deposition transcripts and court reporter fees, and for copying expenses. Specifically, Defendant seeks reimbursement in the amount of $4,750.70 for court reporter fees, video fees, and printed and electronically recorded deposition transcripts necessarily obtained for use in this case, and $272.22 for copying expenses. In total, Defendant seeks reimbursement for $5,022.92 in taxable costs. Additionally, Defendant has submitted all relevant documentation in support of its request, and the associated invoices and payment records. *See* ECF Nos. [135-2], [135-3], & [135-4].

The Court first addresses recovery of costs for deposition transcripts and court reporter fees. "Deposition transcripts are taxable costs if they were 'necessarily obtained' for use in the case." *Greer v. Ivey*, No. 6:15-cv-677-Orl-41GJK, 2020 WL 2841377, at *2 (M.D. Fla. Apr. 28, 2020) (quoting *Taylor Indus. Constr., Inc.*, 2020 WL 1873595, at *8), *report and recommendation adopted*, No. 6:15-cv-677-Orl-41GJK, 2020 WL 2838843 (M.D. Fla. June 1, 2020). "Court reporter per diem appearance fees and exhibit costs are also recoverable." *Id.* (citing *Comput. Program & Sys. v. Wazu Holdings, Ltd.*, No. 15-00405, 2019 WL 1119352, at *13 (S.D. Fla. Mar. 11, 2019)). "Non-recoverable deposition costs include litigation packages, expedited transcript fees, rough drafts, shipping and handling fees, disc copies, and e-transcript fees." *Id.* (citing

*Thyfault v. 21st Century Oncology, LLC*, No. 3:16-cv-1094, 2019 WL 4016155, at *2 (M.D. Fla. Aug. 26, 2019); *Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012); *Comput. Program & Sys.*, 2019 WL 1119352, at *10 (collecting cases on nonrecoverable deposition costs)).

Ultimately, "courts have wide latitude in determining whether a deposition was 'necessarily obtained' for use in the case." *Eugene*, 2009 WL 996016, at *14 (quoting *Ferguson v. Bombardier Srvs. Corp.*, No. 8:03-cv-539-T-31DAB, 2007 WL 601921, at *3 (M.D. Fla. Feb. 21, 2007)). Further, "deposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success[.]" *Comput. Program & Sys. Inc.*, 2019 WL 1119352, at *8 (quoting *Ferguson*, 2007 WL 601921, at *3). "The test is whether any portions of the depositions were 'related to an issue which was present in the case at the time the deposition was taken.'" *Sweet Sage Cafe, LLC v. Town of N. Redington Beach, Fla.*, No. 8:18-cv-1080-T-02CPT, 2019 WL 1959907, at *1 (M.D. Fla. May 2, 2019) (quoting *EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)).

"A deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." *Comput. Program & Sys. Inc.*, 2019 WL 1119352, at *9 (citing *Air Turbine Tech., Inc. v. Atlas Copco AB*, No. 01-8288-CIV, 2008 WL 544731, at *3 (S.D. Fla. Feb. 26, 2008)). "As such, the non-prevailing party must pose a specific objection to any deposition transcript that it believes is not taxable." *Id.* (citing *Dillon v. Axxsys Int'l., Inc.*, No. 8:98-cv-2237-T-23TGW, 2006 WL 3841809, at *6 (M.D. Fla. Dec. 19, 2006)).

Defendant asserts that the court reporter fees and deposition transcript costs incurred— namely, for the depositions of Plaintiff, Plaintiff's husband, corporate representative Grant

Plummer, and Cruise Management International's corporate representative Kelly Gordon—were necessarily obtained for use in the case and were in fact used in support of Defendant's defense of the case throughout discovery and dispositive motion briefing. *See* ECF No. [135-2] (invoices for the court reporter fees, transcript fees, and deposition video services for the depositions of Plaintiff, her husband, Grant Plummer, and Kelly Gordon). Defendant's Bill of Costs and supporting attachments sufficiently establish that the costs incurred for deposition transcripts and court reporter fees were necessarily obtained for use in the case. Absent any objection from Plaintiff as to these costs, the Court concludes that Defendant is entitled to reimbursement of $4,750.70 for the court reporter fees, video fees, and printed and electronically recorded deposition transcripts. *See Early v. City of Homested*, No. 18-24260-CIV, 2020 WL 992776, at *1 (S.D. Fla. Jan. 31, 2020) ("Further, the deposition transcripts included in the motion were necessary for the successful presentation of the defenses in the case. Defendants have thus met their burden to seek reimbursement of these costs and for the amounts requested. Under those circumstances, a strong presumption exists in favor of awarding costs." (citing *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017))), *report and recommendation adopted*, No. 18-24260-CIV, 2020 WL 977951 (S.D. Fla. Feb. 28, 2020).

Likewise, "Section 1920 provides for fees for 'copies of papers necessarily obtained for use in the case.'" *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992) (quoting 28 U.S.C. § 1920(4)), *aff'd*, 998 F.2d 1023 (11th Cir. 1993). "Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to opposing party, copies of exhibits and documents prepared for the Court's consideration are recoverable." *Brown v. Lassiter-Ware, Inc.*, No. 6:11-cv-1074-Orl-36DAB, 2014 WL 5258912, at *4 (M.D. Fla. Oct. 15, 2014) (citation omitted). "Copies made merely for the convenience of counsel, however, are not

recoverable." *Sweet Sage Cafe, LLC*, 2019 WL 1959907, at *2 (citing *Health First, Inc. v. Hynes*, No. 6:11-cv-715-Orl-41KRS, 2015 WL 12977509, at *7 (M.D. Fla. Mar. 5, 2015)).

"Similar to deposition costs, '[i]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue.'" *Eugene*, 2009 WL 996016, at *14 (quoting *W&O, Inc.*, 213 F.3d at 623). "The party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case." *Helms*, 808 F. Supp. at 1570 (citing *Corsair Asset Mgmt., Inc. v. Moskovitz*, 142 F.R.D. 347, 353 (N.D. Ga. 1992) (Forrester, J.); *Desisto Coll. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 914 (M.D. Fla. 1989)). "A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made." *Id.* (citing *Corsair Asset Mgmt., Inc.*, 142 F.R.D. at 353).

Defendant also seeks to recover $272.22 in copying expenses incurred in connection with this case. Specifically, Defendant explains that these copying expenses were for copies of shipboard deck plans for production in discovery, materials and exhibits to prepare for one of the two depositions of Grant Plummer, materials and exhibits to prepare for the deposition of Plaintiff's husband, and materials to prepare for mediation, all of which were necessary for Defendant to defend itself in this matter and relevant to the issue of liability and damages. Thus, Defendant argues that these copies were made under the reasonable belief that they were necessary to the issues raised in this action. Further, in addition to attaching the invoices for these copying expenses themselves, ECF No. [135-3], Defendant also submits an itemization of all the costs claimed, and the nature and intended purpose of each such cost, *see* ECF No. [135-4] (itemization of court reporter fees per deponent, deposition transcript fees per deponent, deposition

videographer fee; itemization of copying fees incurred and what the copies were used for during these proceedings). The Court is satisfied that these costs were necessarily obtained for use in this case. As such, Defendant is entitled to recover $272.22 in copying expenses.

Based upon a review of the materials submitted by Defendant, the Court finds that the requested costs are reasonable and recoverable. *See Greer*, 2020 WL 2841377, at *2 ("Deposition transcripts are taxable costs if they were 'necessarily obtained' for use in the case. Court reporter per diem appearance fees and exhibit costs are also recoverable." (citations omitted)); *Brown*, 2014 WL 5258912, at *4 ("Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to opposing party, copies of exhibits and documents prepared for the Court's consideration are recoverable."). Accordingly, Defendant is entitled to recover a total amount of **$5,022.92** in taxable costs, including deposition and court reporter fees ($4,750.70) and copying expenses ($272.22), and this "award of costs bears interest from date of original judgment."[1] *Taylor Indus. Constr., Inc.*, 2020 WL 1873595, at *11.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Application for Bill of Costs, **ECF No. [135]**, is **GRANTED**.
2. Defendant is awarded **$5,022.92** in taxable costs, plus post-judgment interest from the date of the judgment.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 20, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

---

[1] This Court entered Final Judgment on July 2, 2020. *See* ECF No. [132].

Case No. 19-cv-61141-BLOOM/Valle

Counsel of Record

8